IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


R. ERRIC MURNAHAN,

        Plaintiff,

    v.                               CASE NO. 11-3035-SAC

DAVID McKUNE,
Warden, Lansing Correctional
Facility, et al.,

        Defendants.

## MEMORANDUM AND ORDER

This civil complaint, 42 U.S.C. § 1983, was filed pro se. Plaintiff has also filed a Motion to Proceed in forma pauperis (IFP)(Doc. 2). Mr. Murnahan is a former state prison inmate. He claims that while he was in the custody of "the S.O.C." his "serious medical needs were deprived," he "incurred serious bodily injuries due to acts of misfeasance and malfeasance," and suffered "direct assaults and batteries" by "KDOC staff and contractees" that caused him pain and suffering. He alleges that "these acts" occurred "during the years of 2003 through discharge of March 2010." Plaintiff names as defendants David McKune, Warden, Lansing Correctional Facility (LCF); "Correct Care Solutions" (CCS); and "John Does: KDOC Staff and Contractees." He seeks money damages.

## MOTION TO PROCEED WITHOUT FEES

In support of his IFP motion, plaintiff has submitted an affidavit that is required to include "a statement of all assets (he) possesses." It appears from the information currently before the court, that plaintiff is without funds to pay the filing fee.

Nevertheless, it is within the court's discretion whether or not to authorize commencement and prosecution of a civil lawsuit without prepayment of fees. 28 U.S.C. § 1915(a)(1); Lewis v. Center Market, 378 Fed.Appx. 780, 784 (10th Cir. 2010)(citing 28 U.S.C. § 1915(a))(unpublished)(cited as persuasive authority). "[A] plaintiff seeking to proceed IFP before the district court" must not only show "a financial inability to pay the required filing fees," but the existence of a reasoned, nonfrivolous argument on the law and the facts in support of the issues raised in the action" as well. Lewis, 378 Fed.Appx. at 785 (citing Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)).[1] It has reasonably been held that a person should not be allowed to proceed IFP if his or her complaint is "so lacking in specific facts that the court must invent factual scenarios which cannot be inferred from the pleadings." See Luedtke v. Gudmanson, 971 F.Supp. 1263, 1267 (E.D. Wisc. 1997)(citing Smith-Bey v. Hospital Administrator, 841 F.2d 751, 758 (7th Cir. 1988)). In addition, the district court may deny IFP status when the claims the plaintiff seeks to assert either fail to state a claim upon which relief may be granted or are frivolous.

---

[1] In Lister, the Tenth Circuit reasoned as follows:

Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners. See Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n. 1 (11th Cir. 2004)(noting that, "[d]espite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP"); Haynes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997)(accord); Floyd v. United States Postal Serv., 105 F.3d 274, 275 (6th Cir. 1997) (accord). "Notwithstanding any filing fee," the court must "dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue" or that "the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted;" or makes a claim for monetary relief from an immune party. § 1915(e)(2)(B).

Id.

See Lewis, 378 Fed.Appx. at 786 (citing see 28 U.S.C. § 1915(e)(2)(B)). The court thus reserves judgment on plaintiff's Motion to Proceed IFP until he responds to this Memorandum and Order.

**SCREENING**

Plaintiff is not a "prisoner" as that term is defined in either 28 U.S.C. § 1915 or 28 U.S.C. § 1915A, since he was not in prison and presumably was not otherwise in custody when he filed this lawsuit. 28 U.S.C. § 1915A, which requires the court to screen complaints filed by prisoners and sets forth grounds for dismissal upon screening, does not apply to suits by non-prisoners like plaintiff in this case. Nevertheless, because plaintiff proceeds in forma pauperis, the litigation process begins with the court screening his complaint. See Lister, 408 F.3d at 1312. 28 U.S.C. § 1915 is entitled "Proceedings in forma pauperis." Some of the provisions in § 1915 expressly apply to prisoners, while others do not. 28 U.S.C. § 1915(e)(2)[2] is not restricted to prisoner complaints, and requires a district court to dismiss the complaint of a party proceeding IFP whenever the court determines that the

---

[2] Section 1915(e)(2) provides in pertinent part:

. . . [T]he court shall dismiss the case at any time if the court determines that-

(A) the allegation of poverty is untrue; or

(B) the action or appeal-

    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

Id.

claims are frivolous, malicious, or fail to state a claim. See Lewis, 378 Fed.Appx. at 785 (affirming dismissal of non-prisoner's civil lawsuits under § 1915(e)(2)(A)); Merryfield v. Jordan, 584 F.3d 923, 926 (10th Cir. 2009); Lopez v. Smith, 203 F.3d 1122, 1126, 1129 (9th Cir. 2000)(Although in forma pauperis provisions in the PLRA were intended to cut down on prisoner lawsuits, "section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.")[3]; McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997)(In contrast to 28 U.S.C. § 1915A, § 1915(e) is not restricted to actions brought by prisoners.), *overruled on other grounds*, Jones v. Bock, 549 U.S. 199 (2007)); Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir.)(affirming district court's dismissal of two complaints pursuant to § 1915(e)(2)(B), even though the plaintiff was not a prisoner, because the plaintiff was proceeding IFP), cert. denied, 548 U.S. 910 (2006); see also Kane v. Lancaster County D.O.C., 960 F.Supp. 219, 221-22 (D.Neb. 1997)(interpreting § 1915(e)(2)(B)(i) "to authorize preanswer screening of nonprisoner in forma pauperis complaints for the purpose of deciding whether the complaint is frivolous or malicious"); Bardes v. Magera 2008 WL 2627134 (D.S.C. June 25, 2008)(unpublished)("In contrast to § 1915A, which explicitly only

---

[3] The Ninth Circuit Court of Appeals explained in Lopez:

> The PLRA contains several provisions that require district courts to screen lawsuits filed by prisoners and to dismiss those suits sua sponte under certain circumstances. Among these provisions is section 804(a)(5), which is codified as part of the in forma pauperis statute at 28 U.S.C. § 1915(e)(2). The other provisions are codified at 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). While section 1915(e) applies to all in forma pauperis complaints, section 1915A applies only to actions in which a prisoner seeks redress from a governmental entity or employee. Section 1997e(c) applies to prisoner complaints specifically challenging prison conditions. All three of the provisions direct district courts to dismiss a complaint that fails to state a claim upon which relief may be granted.

applies to actions filed by prisoner litigants, § 1915(e)(2) does not contain language indicating that it only applies to actions filed by prisoners.").[4] Accordingly, the fact that plaintiff filed his action while a non-prisoner does not prevent this court from performing a § 1915(e)(2) screening.[5]

Even if it were settled law that § 1915(e)(2) applies only to complaints filed by prison inmates, this court would still screen the complaint herein under pre-PLRA case law based upon the prior in forma pauperis statute, 28 U.S.C. § 1915(d). In <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989), the U.S. Supreme Court explained:

> 28 U.S.C. § 1915(d), the precursor to § 1915(e), was designed largely to discourage the filing of baseless lawsuits, along with the resulting waste of judicial resources, that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under FRCP Rule 11. To this end, the statute grants courts the authority to dismiss a claim based on an indisputably meritless legal theory, and the unusual power "to pierce the veil" of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

<u>Id.</u> at 324, 327. Having screened the materials filed by plaintiff, the court concludes that the complaint is subject to being dismissed for reasons that follow. Plaintiff will be given time to show cause why his complaint should not be dismissed.

**<u>FAILURE TO ALLEGE FACTS SHOWING PERSONAL PARTICIPATION</u>**

An essential element of a civil rights claim against an

---

[4] This unpublished case is not cited as legal precedent.

[5] It has been held that the exhaustion, full and initial partial fee payment, and three-strikes provisions of the PLRA provisions do not apply to in forma pauperis litigants who are not prisoners.

5

individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. Kentucky v. Graham, 473 U.S. 159, 166 (1985)(A showing that defendant's personal participation caused the deprivation of a federal right is essential to a § 1983 action.); Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006)(A defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established.); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993); Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976). The doctrine of respondeat superior does not apply, so a prisoner may not obtain § 1983 relief from an official based solely on his or her capacity as supervisor or right to control employees. See Worrell v. Henry, 219 F.3d 1197, 1214 (10th Cir. 2000); Polk Co. v. Dodson, 454 U.S. 312, 325-26 (1981); see also Monell v. NYC Dep't of Soc. Serv., 436 U.S. 658 (1978). Instead, "the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." Fogarty v. Gallegos, 523 F.3d 1147, 1527 (10th Cir. 2008); Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir. 1988). "Individual liability under 42 U.S.C. § 1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997); see also Fogarty, 523 F.3d at 1162.

Warden McKune is the only "person" named as a defendant. As noted, Mr. Murnahan listed Warden McKune in the caption of his complaint along with CCS and "John Does: KDOC Staff and Contractees." In the body of his complaint he refers only to "KDOC staff and contractees." He does not describe any personal acts or inactions by defendant McKune. He does not allege that McKune was

6

present when he requested treatment or saw his obvious symptoms of serious medical needs. Nor does he allege that McKune personally refused his request for treatment or participated in any decision regarding his treatment. In short, plaintiff alleges no facts whatsoever showing defendant McKune's personal participation in the alleged denial of medical treatment or in any other injury to plaintiff. Accordingly, plaintiff's claims against defendant McKune are subject to being dismissed for failure to allege facts showing personal participation.

Plaintiff names CCS as a defendant in the caption. Corporate defendants such as CCS cannot be held vicariously liable under § 1983 for the acts of their employees. See Baker v. Simmons, 65 Fed.Appx. 231, 234 n. 2 (10th Cir. May 6, 2003)(citing Devargas v. Mason & Hangar-Silas Mason Co., 844 F.2d 714, 722 (10th Cir. 1988). In other words, CCS cannot be held liable under § 1983 simply because it employed a tortfeasor. Cf. Monell, 436 U.S. at 691. In order to state a claim for relief under § 1983 against a private entity acting under color of state law the plaintiff must allege sufficient facts to plausibly establish that an official CCS policy or custom was the direct cause or moving force behind the claimed violation of plaintiff's constitutional rights. See Dubbs v. Head Start, Inc., 336 F.3d 1194, 1216 (10th Cir. 2003)(applying municipal liability requirements in Monell v. Department of Social Services of City of N.Y., 436 U.S. 658 (1978), to § 1983 claims). Plaintiff does not describe any policy of CCS that resulted in the denial of necessary medical care to him. Accordingly, plaintiff's claims against CCS are subject to being summarily dismissed.

Other than Warden McKune, plaintiff has not sufficiently

7

identified any individual defendants such as individual employees of either KDOC or CCS.[6] "John Does: KDOC staff and contractees" is simply too vague to constitute proper designation of a defendant. The KDOC has numerous staff members and contractees all over the State, as does CCS. Plaintiff does not provide any facts with regard to any John Doe that would allow his or her identification for service, notice, or liability purposes. He must provide sufficient information for proper service of process upon all defendants. Any claims against individual John Doe defendants whose names are not provided in response to this order or that are not otherwise sufficiently identified for service will be dismissed pursuant to Fed.R.Civ.P. 4(m). See <u>Scott v. Hern</u>, 216 F.3d 897, 911-12 (10th Cir. 2000).

In addition, plaintiff fails to allege any facts indicating that an identifiable John Doe defendant assaulted or otherwise injured him or acted in a manner that amounted to an unconstitutional denial of medical treatment. Thus, even if plaintiff had sufficiently identified a John Doe defendant, he has failed to allege sufficient facts to show personal participation on the part of any such defendant.

**<u>FAILURE TO ALLEGE FACTS SHOWING CONSTITUTIONAL VIOLATION</u>**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was

---

[6] The persons from whom Mr. Murnahan unsuccessfully sought medical attention or who caused him injury are the only individuals that should be named as defendants.

8

committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

Because Plaintiff is proceeding pro se the court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. <u>Id.</u> The court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1109 (10th Cir. 1991). However, this "broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." <u>Id.</u> While a plaintiff need not describe every fact in specific detail, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Hall</u>, 935 F.2d at 1110. As the Supreme Court recently held:

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level.

<u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(internal citations omitted). "The complaint must plead sufficient facts, that when taken as true, provide 'plausible grounds' that 'discovery will reveal evidence' to support plaintiff's allegations." <u>Gann v. Cline</u>, 519 F.3d 1090, 1092 (10th Cir.2008)(quoting <u>Bell Atlantic</u>, 550 U.S. at 556). In <u>Lewis</u> the Tenth Circuit discussed recent holdings by the Supreme Court:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual

9

> content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.
>
> Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quotations omitted).

Lewis, 378 Fed.Appx. at 786. Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic, 550 U.S. at 570; Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). Mr. Murnahan was expressly instructed on his form complaint to provide a statement of his claim and to state what each defendant did that violated his rights "including dates and places of" defendant's unconstitutional conduct.

Plaintiff was a state prisoner at the time he claims he was denied medical treatment. To state a cognizable Eighth Amendment claim of denial of medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991); Martinez v. Garden, 430 F.3d 1302, 1304 (10th Cir. 2005). To satisfy the objective component, the inmate must show the presence of a "serious medical need," that is, "a serious illness or injury." Estelle, 429 U.S. at 104, 105; Farmer v. Brennan, 511 U.S. 825, 834 (1994). To satisfy the subjective component, the inmate must show that the

prison official was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm" existed, and he drew that inference. Martinez, 430 F.3d at 1305 (citing Riddle v. Mondragon, 83 F.3d 1197, 1204 (10th Cir. 1996)(quotation omitted)). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980); Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999).

A mere difference of opinion between the inmate and the medical care provider over the adequacy of medical treatment provided is not an adequate basis for an Eighth Amendment claim. El'Amin, 750 F .2d at 829; Jones v. McCracken, 562 F.2d 22 (10th Cir. 1977); Smart v. Villar, 547 F.2d 112 (10th Cir. 1976); see Estelle, 429 U.S. at 106-07 (A mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment.); Handy v. Price, 996 F.2d 1064, 1067 (10th Cir. 1993). The prisoner's right is to necessary medical care, not to the type or scope of medical care he personally desires or believes is needed. Moreover, negligent failure to provide adequate medical care is medical malpractice, and does not state a federal constitutional claim. As the United States Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medial mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner

> must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

Estelle, 429 U.S. at 105-106 (footnote omitted). Negligence by prison medical staff or medical malpractice is a state tort cause of action and must be litigated in state court.

Furthermore, delay in providing medical care does not violate the Eighth Amendment, unless there has been deliberate indifference resulting in substantial harm. Olson v. Stotts, 9 F.3d 1475 (10th Cir. 1993). In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001); Kikumura v. Osagie, 461 F.3d 1269, 1292 (10th Cir. 2006).

Mr. Murnahan's claims of denial of medical treatment are completely conclusory. He has alleged no facts showing either that he had a serious medical need or that any defendant was deliberately indifferent to that need. He utterly fails to allege that any identifiable State employee or CCS employee purposefully ignored or failed to respond to his serious medical need, or that a defendant's failure to treat any serious medical need resulted in further significant injury or the unnecessary and wanton infliction of pain.

In order to state sufficient facts to support a constitutional claim of denial of medical treatment, he must allege facts indicating what symptoms he presented to staff, the name of the staff person or persons from whom he sought medical treatment, a description of each defendant's acts or inactions showing that he or she was personally involved in the alleged denial of necessary care,

the dates of his requests for medical treatment, and the responses he received. Likewise, plaintiff's complaints of other injuries from malfeasance and assaults are completely conclusory.

**STATUTE OF LIMITATIONS**

Finally, the court notes that a two-year statute of limitations applies to plaintiff's claims. It follows that he may not recover for any acts or inactions that occurred more than two years prior to the filing of his complaint. Since he alleges that "these acts happened" during 2003 to 2010 and his complaint was filed in February 2011, it appears that those claims occurring prior to February 2009, are barred by the statute of limitations. This is another reason why Mr. Murnahan must provide specific dates as to each occurrence that he claims violated his constitutional rights.

The court grants plaintiff the opportunity to allege additional, sufficient facts to state a plausible claim of federal constitutional violation against a named or adequately described individual defendant. If plaintiff fails to state sufficient additional facts against a properly named defendant within the time allotted, his motion for leave to proceed IFP may be denied and/or this action may be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B), without further notice.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted twenty (20) days in which to allege sufficient, additional facts to state a plausible claim of federal constitutional violation against a named or adequately described individual defendant.

**IT IS SO ORDERED.**

Dated this 12th day of April, 2011, at Topeka, Kansas.

                                        s/Sam A. Crow
                                        U. S. Senior District Judge